UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| ROY EFLAND COHN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 4:07-cv-58-SEB-WGH |
| | ) | |
| DARRELL MILLS, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Discussing Motion for Summary Judgment**

Roy Efland Cohn is a diabetic inmate at the Floyd County Jail. He is serving the executed portion of a sentence imposed on November 16, 2005. He seeks injunctive relief in the present case, alleging that he has been denied adequate medical care for his diabetes. His specific concerns relate to his diet and the care of his eyes and of his feet. The defendant is the Sheriff of Floyd County, and seeks resolution of Cohn's claim through the entry of summary judgment. Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the *Federal Rules of Civil Procedure*).

Cohn has not responded to the motion for summary judgment. Accordingly, the factual assertions on which the motion is based and which are properly supported by the evidentiary record, are accepted as true for the purpose of resolving that motion. *Corder v. Lucent Techs., Inc.,* 162 F.3d 924, 927 (7th Cir. 1998); *Flaherty v. Gas Research Inst.,* 31 F.3d 451, 453 (7th Cir. 1994); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). The Seventh Circuit Court of Appeals has consistently "sustained entry of summary judgment where 'the nonmovant has failed to submit a factual statement in the form called for by the pertinent rule and thereby conceded the movant's version of the facts.'" *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997)(quoting *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir. 1994)). This is the result of Local Rule 56.1(h), of which the plaintiff was notified. This does not alter the standard for assessing a Rule 56(c) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997). A separate ruling discussing the motion for summary judgment will be issued in the near future.

The Sheriff has shown without contradiction from Cohn that Cohn received a diabetic food tray, that Cohn was educated regarding his diet, that the Jail physician prescribed medication and modified medication when appropriate, that Cohn was given an ankle support for his swollen left ankle, that Cohn complicated his medical condition through inappropriate eating habits at the Jail, and that Cohn's blood sugar was monitored. These circumstances show that, as to Cohn's diet, he has not been and is not being denied constitutionally adequate medical care. *Williams v. Liefer,* 491 F.3d 710, 714 (7th Cir. 2007)("Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. A claim based on deficient medical care must demonstrate two elements: 1) an objectively serious medical condition, and 2) an official's deliberate indifference to that condition. An objectively serious medical need includes both diagnosed conditions requiring treatment and conditions so obvious that even a lay person would easily recognize the necessity for a doctor's attention.") (internal quotations and citations omitted). These circumstances negate the existence of deliberate indifference regarding Cohn's medical needs relating to his diet while at the Jail, and the Sheriff is thus entitled to summary judgment as a matter of law. *Ortiz v. John O. Butler Co.,* 94 F.3d 1121, 1124 (7th Cir. 1996) ("If the nonmoving party fails to establish the existence of an element essential to his case, one on which he would bear the burden of proof at trial, summary judgment must be granted to the moving party."). The motion for summary judgment on this basis is therefore **granted**.

The Sheriff has also shown without contradiction from Cohn that, as to Cohn's claims concerning medical care for his feet and his eyes, Cohn has not utilized the Jail's grievance process. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust his administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement applies to the conditions of Cohn's confinement at the Jail. However, he failed to comply with this requirement as to the claims relating to the medical care provided to him regarding his eyes and his feet. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that the claims relating to Cohn's eyes and his feet should not have been brought and must now be dismissed without prejudice. See *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004). The motion for summary judgment on this basis is therefore **granted**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/15/2007

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana